# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>VICTOR SALAZAR,<br><br>                Defendant. | 8:16CR361<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's "Motion of Appointment of counsel in Light of the Retroactive Holding in United States v. Davis, 903 F.3d 483 (C.A. 5-Tex.2018) S.CT. 782, 2019 WL 98544," ECF No. 179. The Defendant asks the Court to appoint counsel to determine whether the Defendant may be eligible for a sentence reduction pursuant to the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

## FACTUAL BACKGROUND

The Defendant Victor Salazar entered a plea of guilty to Counts I, II, and IX of the Superseding Indictment, charging him with Conspiracy to Distribute 50 grams or more of actual methamphetamine (Count I), Illegal Alien in Possession of a Firearm (Count II) and Distribution of Cocaine (Count IX). He was sentenced on July 10, 2017, to a term of 120 months incarceration on Count I, and 108 months on Counts II and IX, all concurrent, followed by five years of supervised release on Count I, one year on Count II, and three years on Count IX, all concurrent. He did not file an appeal.

## DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

In *Davis,* decided June 24, 2019, the Supreme Court held the residual clause of 18 U.S.C. § 924(c), defining a "crime of violence" in § 924(c)(3)(B), is unconstitutionally vague. Whether or not the *Davis* decision may be applied retroactively, it has no application to the Defendant's conviction and sentence. The Defendant was not charged, convicted, or sentenced for possession of a firearm in furtherance of a *crime of violence*. He was charged, convicted, and sentenced, on Count II of the Superseding Indictment, with being an *illegal alien in possession of a firearm*. That charge was not vague, and nothing in the *Davis* decision has any impact on the constitutionality of the Defendant's sentence.

Accordingly,

IT IS ORDERED:

1. The Defendant's "Motion of Appointment of counsel in Light of the Retroactive Holding in United States v. Davis, 903 F.3d 483 (C.A. 5-Tex.2018) S.CT. 782, 2019 WL 98544," ECF No. 179, is denied; and
2. The Clerk will mail a copy of this Memorandum and Order to the Defendant as this last known address.

Dated this 1st day of August 2019.

          BY THE COURT:

          s/Laurie Smith Camp
          Senior United States District Judge